JESSIE O'NEAL, Appellee, v. HAWKEYE LUMBER COMPANY, Appellant.

**LANDLORD AND TENANT:** Untenantable Condition as Terminating Rent. A lease of certain lands and all buildings thereon "owned by the lessor," with right in lessee to erect building on the premises, with proviso that rent should cease in case said premises became untenantable by reason of fire, through no fault of the tenant, does not absolve the tenant from payment of rent

in case the tenant's own buildings are destroyed by fire without his fault.

*Appeal from Union District Court.*—H. K. EVANS, Judge.

FEBRUARY 17, 1919.

SUIT to recover rent. Judgment for plaintiff. Defendant appeals.—*Affirmed.*

*D. W. Higbee* and *Irving C. Johnson,* for appellant.

*P. C. Winter,* for appellee.

SALINGER, J.—I. The leased premises were to be used only for operating a garage and amusement park. By implication, lessee was authorized to erect such buildings as, in its judgment, were required to carry on such business. When the lease was executed, lessee owned such buildings. These were burned, without fault on the part of the tenant, and this burning has made the premises untenantable as a garage and amusement park. The tenant resisted the payment of rent, because the lease contract contained a printed provision that, if "said premises are untenantable by reason of fire, through no fault of the tenant," then the right to receive rent should stop. The trial court held against this defense.

II. The contract signed by the parties does not invoke the rule that an agreement will be construed most strongly against the one who prepares it. This contract was a common form of printed lease.

The sole question is, How shall the words "said premises" be construed? The lessee contends it is immaterial that the leased lands became untenantable because of the destruction of necessary buildings owned by the tenant; that it does not matter what made the leased land untenantable, so long as it was made so from a cause not due to the neglect of the tenant. The trial court held that, upon a con

sideration of all surrounding and attendant circumstances, and of the whole of the lease contract, it must be found the parties contracted that the right to receive rent should not be suspended because buildings owned by the tenant were destroyed by fire. We think this view is sound. The lease recites in print that the property leased is certain lots, described by number, "together with all the buildings and improvements on the same." At this point, the words "owned by me" were written in. Clearly, then, "said premises," in the clause dealing with suspension of the right to receive rent, has for its antecedent said described lots and such buildings and improvements thereon as are owned by the landlord. The landlord never leased to the tenant the buildings which the tenant had the right to erect and did erect. The "premises" did not include them. When the words "owned by me" were written in, it was clearly indicated that, whenever reference was thereafter made to words such as "said premises," such reference was to the lots and such buildings thereon as the landlord owned, if any he owned. It is fair construction, therefore, that rent should not be stopped unless the premises became untenantable by the burning of any improvements the landlord had put upon the lands. The landlord had no power to restore the premises to fitness for the carrying on of a garage and an amusement park. She had neither power nor duty to rebuild buildings owned by the tenant. The tenant did have such power of restoration.

To reverse the judgment, we should have to hold, in effect, that one may enlarge his damages by refraining from what he alone can do to avoid being damaged.

We are of the opinion the judgment appealed from should be—*Affirmed*.

LADD, C. J., EVANS and STEVENS, JJ., concur.